## TRUDEAU *v.* BOIVIN.

CONTRACTS—PAYMENT—EVIDENCE.

> To refuse an instructed verdict for rent claimed to be due as a set-off in favor of defendant, is error, when the evidence for defendant, that the rent had never been paid, was uncontradicted, and the plaintiffs' evidence only showed that the plaintiffs were copartners, and the surviving partner's share had been turned over to the other, who had died, to pay to the defendant, and that the defendant had been on friendly terms with both.

Error to Baraga; Streeter, J. Submitted October 19, 1909. (Docket No. 112.) Decided November 5, 1909.

Assumpsit by George Trudeau and Charles Rambaud, copartners as Trudeau & Rambaud, against Anselme Boivin for goods sold and delivered. A judgment for plaintiffs is reviewed by defendant on writ of error. Reversed.

*P. H. O'Brien,* for appellant.

*Mason & O'Connor,* for appellees.

McAlvay, J. The action in this case in assumpsit was brought by plaintiffs, as copartners doing business under the firm name of Trudeau & Rambaud, who were successors in business to the firm of George Trudeau, Sr., and Charles Rambaud, and who assumed all the liabilities and took all the accounts of the old firm. The account sued upon was for a bar bill and some money loaned, amounting altogether to the sum of $389.60, part of which was contracted since plaintiffs took the business. This amount was not fixed by the evidence. Defendant gave notice of set-off, for 21 months' rent of the building occupied by them, at $30 per month, from May 1, 1897, to February 1, 1899, amounting to $630, and $107 for the use of certain bar fixtures.

The question in dispute in the case was whether defendant should be allowed for this rent claimed by him to be due and unpaid. He did not dispute plaintiffs' account against him. At the close of the proofs, defendant asked for a directed verdict in his favor for $347.40, claiming that the evidence to that effect was undisputed. This was denied, and the case was submitted to the jury, under the charge of the court. A verdict was returned in favor of plaintiffs for the sum of $294 and costs. A motion for a new trial was made by defendant, and denied.

Defendant contends that the court erred in not instructing a verdict for defendant as requested, also in not granting the motion for a new trial for the reasons urged, and also in certain parts of the charge to the jury. Errors are duly assigned upon exceptions taken to the foregoing actions and decisions of the court. That the premises of defendant had been rented and occupied for the time claimed by the predecessors of plaintiffs is not disputed, nor that plaintiffs took all the accounts and assumed all the liabilities.

There is an issue of fact as to whether the rent reserved

was $30 or $25 a month.   It is claimed on, the part of defendant that there was no evidence tending to show that the rent for the term claimed had been paid, and that the only possible question of fact upon that branch of the case was as to the amount of the rent, and that the court erred in leaving the question of the payment of rent to the jury. There was undisputed evidence on the part of defendant that this rent had not been paid.   There was no evidence to the contrary on the part of plaintiffs.   Plaintiff Rambaud testified that the rent was $25 per month, and that he paid his half, $12.50, to his former partner, since deceased, but did not know that it was ever paid to defendant. This question is raised on a motion for a new trial and by an exception to a portion of the charge.

We think the court was in error.   There was no evidence in the case from which it could be legitimately inferred that this rent had been paid.   The court thought that, by reason of the friendly relations between defendant and Trudeau, Sr., since deceased, and from the fact that he had purchased this building from defendant, who afterwards lived in the second story and paid rent to the estate of Trudeau, Sr., raised a question of fact for the jury as to whether the rent had been paid.   This would be a mere matter of speculation.   Defendant did sell the place as stated, and defendant, who had theretofore lived in the building, continued to do so on an agreed rent, which he paid.   This sale was made May 27, 1899, after the time expired for which defendant charges rent, and was an individual transaction with Trudeau, Sr., and occurred during the time when a portion of plaintiffs' account against defendant was being incurred by him.   The probabilities are much stronger that the plaintiffs' predecessors were desirous of having this rent account traded out over the bar than that it should be paid.

The court should have charged the jury that the evidence showed that the rent had not been paid, and that the amount was the only question in dispute, to be found by them from the evidence upon that subject.   There was

one other question of fact for the jury relative to the use of certain furniture and fixtures charged at $1 per month. This was submitted by the court, to the apparent satisfaction of the appellant, who assigned no error to that portion of the charge. In any event, this record shows that defendant should have recovered a judgment of some amount.

The judgment of the circuit court is reversed, and a new trial ordered.

GRANT, MONTGOMERY, OSTRANDER, and MOORE, JJ., concurred.